NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ELIJAH M. KANEAKUA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ESTELA DERR; NATHAN KWON, <br><br> Defendants - Appellees. | No. 23-1587 <br><br> D.C. No. <br> 1:22-cv-00201-DKW-WRP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted June 3, 2025
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Elijah M. Kaneakua appeals from the district court's dismissal of his *pro se* complaint seeking damages pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Kaneakua alleged that Defendants Dr. Nathan Kwon and Warden Estela Derr failed to treat him for severe ear pain while he was incarcerated at FDC Honolulu. The key question on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

appeal is whether Kaneakua's Eighth Amendment claim that federal prison officials were deliberately indifferent to his medical needs arises in the same context as *Carlson v. Green*, 446 U.S. 14 (1980), one of the three permissible *Bivens* contexts. *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).

We have jurisdiction pursuant to 28 U.S.C. § 1291. The parties are familiar with the facts, so we do not recount them here. We review de novo a district court's order granting a motion to dismiss. *Watanabe v. Derr*, 115 F.4th 1034, 1037 (9th Cir. 2024). We liberally construe *pro se* pleadings and afford the petitioner the benefit of any doubt. *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (en banc). We reverse and remand for further proceedings consistent with this disposition.

The district court erred by collapsing the two steps of the *Bivens* inquiry. *See Egbert v. Boule*, 596 U.S. 482, 483, 498–99 (2022). Only when a court "find[s] that a claim arises in a new context" does it "proceed to the second step." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). Our precedent is clear that if Kaneakua's claim does not present a new *Bivens* context at step one, "we need not consider the second step." *Watanabe*, 115 F.4th at 1036; *Stanard v. Dy*, 88 F.4th 811, 818 (9th Cir. 2023).

We are bound by *Abbasi*, 582 U.S. at 139–40. Applying the *Abbasi* step-one factors, Kaneakua's claim does not present a new *Bivens* context at step one. *See*

*Watanabe*, 115 F.4th at 1043.

We clarify three points.  First, though the district court distinguished the nature and severity of Kaneakua's injury, *Watanabe* explained that such distinctions are immaterial at step one to whether the claim arises in a new context. *Id.* at 1041–42; *see also Stanard*, 88 F.4th at 817 ("[E]ven assuming that Stanard received less deficient care than the inmate in *Carlson*, that difference in degree is not a meaningful difference giving rise to a new context.").  Second, on appeal, Defendants frame Kaneakua's claim as implicating systemic medical management policies at the Bureau of Prisons (BOP) and suggest that this creates a new context through "the risk of disruptive intrusion by the Judiciary into the functioning of other branches." *Abbasi*, 582 U.S. at 140.  This framing mischaracterizes Kaneakua's *pro se* complaint.  "[T]he core of his complaint concerns the actions and state of mind of Defendants in denying him . . . treatment" and does not "simply challeng[e] a broadly applicable BOP policy." *Stanard*, 88 F.4th at 818; *see Watanabe*, 115 F.4th at 1040.  Third, the need for an outside specialist does not place this case in a new context.  As in both *Carlson* and *Watanabe*, the "alleged official actions include the refusal to transport [Kaneakua] to an outside hospital and the failure to provide him competent medical attention." *Watanabe*, 115 F.4th at 1039 (citing *Carlson*, 446 U.S. at 16 n.1).

We remand to the district court to consider qualified immunity in the first

instance.  *See Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154

(9th Cir. 2000).  In doing so, the district court should not consider medical records

that Defendants submitted as evidence at the 12(b)(6) stage.  The records were not

incorporated by reference into Kaneakua's complaint.  *See Khoja v. Orexigen*

*Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018).

    **REVERSED AND REMANDED.**